## COURSE *v.* NEW YORK, L. E. & W. R. Co.

*(Supreme Court, General Term, Second Department.   June 25, 1888.)*

NEGLIGENCE—PROXIMATE AND REMOTE CAUSE.

 Defendant's train having become uncoupled through a defective appliance, a brakeman, while engaged in repairing the mishap in the portion of the train remaining stationary, was, by the negligence of the engineer, backed upon by the engine and forward part of the train, and killed.  *Held*, that the proximate cause of the accident was not the defective appliance, but the negligence of a fellow-servant, and that defendant was not liable.[1]  DYKMAN, J., dissenting.

Appeal from circuit court.

Action by personal representative against the New York, Lake Erie & Western Railroad Company, for death of intestate, an employe.  Judgment for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

BARNARD, P. J.   The injury sustained by the plaintiff's intestate, which caused his death, was not to be attributed to the defendant.   The general rule is that an employe assumes the risk of the employment, and that he has no right of action which is based solely upon the negligence of a co-employe. In the present case a train pulled apart.   Assuming that the separation was due to a defective appliance unknown to deceased, the injury did not result from it.   The deceased was engaged in repairing the defect upon the portion of the train which was stationary, and, while the deceased was engaged in remedying the defect, the engine and forward part of the train were driven back upon him by an engineer, and he was killed.   So far as can be seen from the evidence, the blame is to be solely attributed to the engineer, who backed his part of the train upon him without due care.   The accident must be established to be the act of the company, and this is not made out by proving a disabled car or train alone.   The risk of attaching the train in its disabled condition was one of the risks of the employment.   *McCosker* v. *Railroad Co.*, 84 N. Y. 77.   The judgment should therefore be affirmed, with costs.

PRATT, J., concurs.

DYKMAN, J., (*dissenting.*)   This is an action for the recovery of damages for the death of the intestate of the plaintiff, alleged to have been caused by the negligence of the defendant.   The deceased man was a brakeman in the employ of the defendant, and had been assigned to duty upon a freight train running between Port Jervis and the city of Newburgh.   While the deceased was proceeding in the discharge of his duties, after the train left the main line at Graycourt, on the way to Newburgh, it separated at two different points of the train.   The testimony on the part of the plaintiff tended to show that the separation was caused by an imperfection in the draw-head of one of the cars.   The testimony also tended to show that, when regularly and properly constructed, there is a block of wood placed in the back part of the mouth of the draw-heads, for the purpose of holding the connecting link to its proper place, and also to prevent the link from being forced back into the narrower part of the draw-head, and rendered useless.   After the train had separated, it was found, on examination, that one of the coupling links had been forced back into the narrower part of the draw-head of one of the cars attached to the train, and it was necessary to drive or draw out the link before the train could be recoupled, and proceed on its way.   The deceased undertook to aid the other train-men in drawing or pounding out the link, when the forward

---

[1] In general, on the subject of proximate and remote cause in actions for negligent injuries, see Phillips v. De Wald, (Ga.) 7 S. E. Rep. 151, and note.

part of the train came back, and he was run over and killed.　Upon the close of the testimony on the part of the plaintiff the complaint was dismissed, and this is an appeal by the plaintiff from that judgment.　It is to be assumed by us that all the testimony adduced by the plaintiff was true, and our conclusion is that it was sufficient to carry the case to the jury.　Whether the draw-head of the car in question was defective or out of order, and whether such defect was the cause of the death of the defendant's intestate, were questions which should have been sent to the jury for determination; and the case is not so clear as to justify the determination of the question of negligence on the part of the defendant as a question of law by the trial court.　The judgment should therefore be reversed, and a new trial granted, with costs to abide the event.